IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01480-PAB-BNB

CHRIS ERDAHL, an individual, and
WILLIAM ESSLINGER, an individual,

Plaintiffs,

v.

OLDCASTLE SE GROUP, INC., a Colorado corporation,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on the plaintiffs' **Unopposed Motion to Stay Pending Completion of Administrative Investigation** [Doc. # 15, filed 6/26/2013] (the "Motion to Stay"), which is GRANTED. In addition, I respectfully RECOMMEND that the case be closed administratively pursuant to D.C.COLO.LCivR 41.2, to be reopened for good cause.

This is an action for overtime wages under the Fair Labor Standards Act ("FLSA"). In addition, the plaintiffs claim that they were terminated by the defendant as part of a related pattern of age discrimination. I am informed that the plaintiffs' Charges of Discrimination are being investigated by the Equal Employment Opportunity Commission (the "EEOC") and that the plaintiffs may not assert their discrimination claim until the EEOC completes its investigation and issues a Notice of Right to Sue.

IT IS ORDERED:

(1)  The Motion to Stay [Doc. # 15] is GRANTED, and the case is STAYED pending

completion of the EEOC administrative process;

 (2) The scheduling conference scheduled for this afternoon (August 7, 2013) at 2:00 p.m., is VACATED; and

 (3) The plaintiffs shall file a status report within 14 days of completion of the EEOC administrative process reporting on the status of the case and discussing any pretrial matters which they believe should be scheduled.

In addition, I respectfully RECOMMEND that the case be closed administratively pursuant to D.C.COLO.LCivR 41.2, to be reopened for good cause.[1]

Dated August 7, 2013.

             BY THE COURT:

             s/ Boyd N. Boland
             United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).