IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 13-cv-01480-PAB-GPG

CHRIS ERDAHL, an individual, and
WILLIAM ESSLINGER, an individual,

    Plaintiffs,

v.

OLDCASTLE SW GROUP, INC., a Colorado corporation,

    Defendant.
_____

**ORDER**
_____

    This matter is before the Court on the parties' Stipulated Motion to Consolidate Cases [Docket No. 42], wherein the parties request a court order consolidating this case with a related action, *Erdahl v. Oldcastle SW Group, Inc.*, Case No. 18-cv-02994-DDD-GPG, pending in this District before Judge Daniel D. Domenico.[1]

    Rule 42 of the Federal Rules of Civil Procedure permits consolidation when cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux*

---

[1] While defendant agrees with consolidation for pretrial purposes, defendant reserves its right to move for separate trials under Fed. R. Civ. P. 42(b) at a later date. Docket No. 42 at 2, ¶ 5.

*v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2d ed. 1995)). Therefore, the Court considers both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

The parties have stipulated that consolidation of these cases, both of which involve claims arising out of plaintiffs' employment with defendant during the same general time period, will allow for a more efficient discovery process. Docket No. 42 at 2, ¶ 4; *see also* Docket No. 25 at 2-3 (discussing the claims asserted in the two cases). Having considered both judicial economy and fairness to the parties, *see Harris*, 687 F.2d at 1368, the Court agrees that consolidation is warranted. Should defendant determine at a later date that separate trials are necessary "[f]or convenience, to avoid prejudice, or to expedite and economize," Fed. R. Civ. P. 42(b), it may move for separate trials pursuant to Fed. R. Civ. P. 42(b). Wherefore, it is

**ORDERED** that the parties' Stipulated Motion to Consolidate Cases [Docket No. 42] is **GRANTED**. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 13-cv-01480-PAB-GPG and 18-cv-02994-DDD-GPG shall be consolidated. It is further

**ORDERED** that Plaintiffs' Motion to Consolidate Cases [Docket No. 25] is **DENIED** as moot. It is further

**ORDERED** that, within ten days of this order, the parties may file a joint motion

to amend the scheduling order. It is further

**ORDERED** that all pleadings shall be filed in this case only and shall be captioned as follows:

---

Civil Action No. 13-cv-01480-PAB-GPG
    (Consolidated with Civil Action No. 18-cv-02994-PAB-GPG)

---

CHRISTOPHER ERDAHL and
WILLIAM ESSLINGER,

    Plaintiffs,

v.

OLDCASTLE SW GROUP, INC., a Colorado corporation,

    Defendant.

---

CHRISTOPHER ERDAHL,
WILLIAM ESSLINGER, and
KAREN FILTER,

    Plaintiffs,

v.

OLDCASTLE SW GROUP, INC., a Colorado corporation,

    Defendant.

---

    DATED June 17, 2019.

                      BY THE COURT:

                        s/Philip A. Brimmer
                      PHILIP A. BRIMMER
                      Chief United States District Judge